### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL HAMBLIN and ANGELA HAMBLIN, | ) ) ) | |
| Plaintiffs, | ) ) | No.  1:13-cv-825 |
| vs. | ) ) | |
| MIDLAND CREDIT MANAGEMENT, INC., | ) ) | **JURY DEMAND ENDORSED HEREON** |
| Defendant. | ) ) | |

### COMPLAINT

NOW COME the Plaintiffs, MICHAEL HAMBLIN and ANGELA HAMBLIN, by and through their attorneys, LUXENBURG & LEVIN, LLC, and for their Complaint against the Defendant, MIDLAND CREDIT MANAGEMENT, INC., Plaintiffs allege and state as follows:

### PRELIMINARY STATEMENT

1.      This is an action for damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*., and the Ohio Consumer Sales Practices Act (hereinafter the "OCSPA"), Ohio Rev. Code § 1345.01, *et seq*.

### JURISDICTION AND VENUE

2.      Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*.  Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

### PARTIES

3.      Plaintiffs are individuals who were at all relevant times residing in Fairfield, Ohio.

4.     Plaintiffs are "consumers" as defined in 15 U.S.C. § 1692a(3), as they are natural persons allegedly obligated to pay a debt.

5.     At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiffs.

6.     The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of Plaintiffs to pay money arising out of a transaction in which the  money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

7.     On information and belief, Defendant is a corporation of the State of Kansas, which is not licensed to do business in Ohio and which has its principal place of business in San Diego, California.

## COUNT I
(Violation of the Fair Debt Collection Practices Act)

8.     Defendant, through its agents, representatives and/or employees, began contacting Plaintiff during or about June or July of 2013 in attempts to collect the aforementioned alleged debt owed by Plaintiff Angela Hamblin.

9.     Defendant's representatives, agents and/or employees failed to disclose that they were debt collectors during each and every communication with Plaintiff, including but not limited to on or about July 18, August 3, August 6, August 9 and August 11 of 2013.

10.     In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

a.  Failing to disclose in every communication with Plaintiffs that the communication was from a debt collector, in violation of 15 U.S.C. § 1692e(11); and

b.  By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

11.  As a result of Defendant's violations as aforesaid, Plaintiffs have suffered and continue to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiffs, MICHAEL HAMBLIN and ANGELA HAMBLIN, respectfully pray for a judgment against Defendant as follows:

a.  Statutory damages of $1,000.00 for each Plaintiff for each violation of the FDCPA;

b.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiffs; and

c.  Any other relief deemed appropriate by this Honorable Court.

## COUNT II
(Violation of the Ohio Consumer Sales Practices Act)

12.  Plaintiffs hereby adopt, re-allege and incorporate by reference all allegations set forth above as though fully rewritten here.

13.  Defendant's actions in attempting to collect the alleged debt from Plaintiffs as described above constitute a "consumer transaction" as defined in Ohio Rev. Code § 1345.01(A).

14.  Defendant is a "supplier" as defined in Ohio Rev. Code § 1345.01(C), as Defendant is in the business of effecting or soliciting consumer transactions.

15.  Plaintiffs are "consumers" as defined in Ohio Rev. Code § 1345.01(D), as they are persons who engaged in a consumer transaction with a supplier, the Defendant herein.

3

16.     Defendant's actions and omissions described above constitute unfair, deceptive and unconscionable acts and practices, in violation of Ohio Rev. Code §§ 1345.02 and 1345.03, and the substantive rules promulgated under the OCSPA.

17.     Defendant, through its agents and employees, knowingly committed the unfair, deceptive and unconscionable acts and practices described above.

18.     As a result of Defendant's unfair, deceptive and unconscionable acts and practices, Plaintiffs have suffered, and continue to suffer, various damages which include, but are not limited to the categories of damages described above.

WHEREFORE, Plaintiffs, MICHAEL HAMBLIN and ANGELA HAMBLIN, respectfully pray for a judgment against Defendant as follows:

        a.     Statutory damages of $200.00 for each Plaintiff for each violation of the OCSPA;

        b.     All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiffs; and

        c.     Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiffs hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiffs prevail on any of their claims in this action.

4

5

Respectfully Submitted,

/s/ Mitchel E. Luxenburg
David B. Levin (0059340)
Mitchel E. Luxenburg (0071239)
Attorneys for Plaintiff
Luxenburg & Levin, LLC
23875 Commerce Park, Suite 105
Beachwood, OH 44122
(888) 493-0770, ext. 301 (phone)
(866) 551-7791 (facsimile)
Mitch@LuxenburgLevin.com